The issues raised were certified by the clerk to the Superior Court at Term, and the proceeding was heard before his Honor, Boykin, J., at Fall Term, 1895, of said Court.
Section 3 of the petition was as follows:
"That prior to the filing of this petition the said railroad company entered upon said land without license from petitioner, and has constructed, and is now constructing over and upon the open land of said farm, both a switch and the main line of its railroad, thereby damaging said land, taking up and using a portion thereof, digging ditches thereon, raising mounds, ponding water and rendering travel from one part of said land to the other, difficult, and greatly impairing the value of said land for agricultural purposes."
The answer denied sec. 3 of the petition, and a subsequent allegation of the value of the land taken, and as a further defense alleged:
That by deed duly executed in December, 1890, and duly recorded (690) in Bertie, in Book 68, page 597, which defendant ask may be taken and considered as part of its answer, the plaintiff and his wife conveyed to Nansemond Timber Company of North Carolina, and to its successors and assigns, all the timber upon said lands in complaint described, and a right of way across the said lands for the purpose of removing the timber cut from said land, or any other land owned or controlled by said timber company, also a right of way through said lands for a permanent railroads, to be owned and occupied by said timber company, or any other person or body corporate to whom the said company shall assign said right granted to it.
"That said Nansemond Timber Company of North Carolina conveyed all the rights and interest acquired by it under the deed aforesaid to the Branning Manufacturing Company, by whose license and authority the defendant entered upon the lands described in the complaint, and the said Branning Manufacturing Company has been by deed conveyed all of its said interest and right in the said lands, and to the right of way aforesaid, to the defendant. *Page 432 
"Wherefore defendant demands judgment that it go without day, and that plaintiff take nothing by this action."
The deed referred to in defendant's answer was as follows:
"This agreement made this 10 ______, 1890, between C. P. Hughes and _____, his wife, of the county of Bertie, State of North Carolina, of the first part, and the Nansemond Timber Company of North Carolina of the second or other part, witnesseth:
(691) "That in consideration of the sum of one hundred and sixty dollars, agreed to be paid by the party of the second part unto the parties of the first part, viz. : For fifty acres, more or less, to behereinafter laid off and designated out of the tract hereinafter describedby said party of the second part, which purchase-money or consideration is to be paid as follows: One hundred and sixty dollars prior to the execution of this deed, the receipt of which is hereby acknowledged.
"It is a part of this contract that the right of way through the openland is excepted. The said parties of the first part do hereby grant, bargain, sell and convey with general warranty, unto the said party of the second part and its assigns, all (to twelve inches across the stump) the timber on the tract of land lying in Bertie County, North Carolina, bounded and described as follows, viz. : By the lands of Freeman Perry, A. Bass, T. D. Holly and others.
"The said parties of the first part hereby grant unto said party of the second part, its successors or assigns, agents and servants, a right of way through and across the said tract of land above described, and any other lands owned by said parties of the first part, for the purpose of cutting or removing timber from any other tract of land purchased or controlled by the said party of the second part.
"And said parties of the first part also grant to said party of the second part the right to erect to all tracks, machinery, buildings, improvements and fixtures to be used for the objects and purposes set out in the clause next hereinbefore, and also to remove the same at the pleasure of said party of the second part.
"And the said parties of the first part hereby grant unto said party of the second part, and any persons or body corporate, its lawful (692) successors or assigns, the right of way through said tract of land, and all lands owned by said parties of the first part, for a permanent railway, to be owned and operated by any persons or body corporate to whom said party of the second part shall assign the right hereby specially granted.
"And said parties of the first part hereby covenant with said party of the second part and its assigns to pay all levies, taxes, assessments, and dues upon the land and timber herein described, during the continuance of this contract, and said parties of the first part hereby grant, accord *Page 433 
and assure unto said party of the second part and its assigns, the full term of ten years within which to cut and remove the timber hereby conveyed."
His Honor rendered the following judgment, from which plaintiff appealed:
"This cause coming now to be heard by the Court, both parties being before the Court, and it being agreed by the parties that the plaintiff's right to the judgment prayed depends upon the construction of the deed set out in the pleadings from C. P. Hughes and wife to the Nansemond Timber Company, and the Court being of opinion that the said deed conveyed to the said company and its successors and assigns, the right of way claimed and used by the defendant, of which plaintiff complains, on motion of defendant's counsel it is adjudged by the Court: That the plaintiff take nothing by his action, and that defendant go without day and recover of plaintiff the cost of this action, to be taxed by the Clerk."
The only question presented is a construction of the written agreement of the parties. On inspection we are of opinion that the parties had two objects in view: 1. To sell and buy the timber on the woodland, with the privilege of removing the same (693) within ten years, with the right of way and the right to erect tracks, machinery, buildings, improvements and fixtures for that purpose, and to remove the same at the pleasure of the defendant, the right of way not to go through the plaintiff's open land. 2. To grant to the second party and its successors or assigns the right of way for a "permanent railway" through all the lands of the plaintiff.
We think the exception is limited to the first branch of the contract to wit, the timber lands. If we have failed to find the true intent of the parties, it is owing to the inartificial structure and language of the agreement.
AFFIRMED. *Page 434