WARREN & OUACHITA VALLEY RAILROAD COMPANY *v.* GARRISON.

Opinion delivered February 4, 1905.

1. EASEMENT—TRAMWAY.—Grant of a right of way for a wooden tramway over land does not carry with it the right to construct and operate a steam railroad. (Page 138.)

2. ESTOPPEL—PERMITTING RAILROAD TO BE BUILT.—One who stands by and permits a railroad to be built over his lands is estopped to bring ejectment to recover the land, but will be regarded as having acquiesced therein, and will be restricted to compensation for the injuries he has suffered. (Page 138.)

Appeal from Bradley Circuit Court in Chancery.

ZACHARIAH T. WOOD, Judge.

Affirmed.

*Fred L. Purcell* and *Austin & Danaher,* for appellant.

The deed in controversy granted a permanent and unqualified right of way. 16 Gray, 309; 58 Me. 73; 59 Pa. St. 340; 39 Ga. 202; 56 Texas, 17; 78 Ky. 257; 37 Oh. 262; 98 Ill. 222; 47 Mich. 130; 58 Miss. 110; 71 Ind. 434; 48 Wis. 529; 69 Me. 310; 61 Ga. 248; 6 Barb. 386; 20 Barb. 455; 16 Gray, 309; 58 Me. 73; 59 Pa. St. 340; 16 Gray, 327; 48 Am. Rep. 376; 109 Mass. 119; 2 Dev. Deeds, § 997; 7 Allen, 125; 71 Ark. 153. The deed was properly executed, and proper consideration passed. 22 Am. St. Rep. 426; 13 *Id.* 200; 31 Ark. 174; 26 Ark. 31; 28 Ind. 26; 57 Texas, 238; 8 Am. & Eng. Enc. Law, 637; 84 Texas, 218; 50 B. C. 207; 149 Mass. 188; 121 Ind. 231; 11 Col. 15; 79 Col. 525; 128 Ill. 9. Appellee was clearly guilty of laches. 77 Ia. 239; 126 Pa. St. 353; 98 N. W. 1025; 112 U. S. 645; 41 Mich. 336; 35 La. Ann. 924; 68 Ala. 48; 14 Wis. 443; 22 Conn. 74.

*Wells & Williams,* for appellee.

To correct a mistake, equity may cancel a deed. 15 Am. & Eng. Enc. Law, 647; 80 Mo. 488; 10 Oh. St. 544; 84 N. Car. 408; 6 B. Mon. 50; 48 Wis. 611.

BATTLE, J. This is a suit to cancel a certain deed by Susan B. Garrison to S. L. Howard and deed by Howard to Warren & Ouachita Valley Railroad Company.

On the 7th day of November, 1895, Mrs. Susan B. Garrison conveyed to Howard a right of way for a wooden tramway over certain lands belonging to her. A tramway was constructed. Afterward, on the 26th day of May, 1899, Howard conveyed the right of way to the railroad company, and it laid an iron and steel track over the same for running locomotives and trains, and used, and is now using, it for that purpose. This suit is instituted to set aside the deeds referred to. The chancery court cancelled the deed of Mrs. Garrison, and the railroad company appealed.

The deed of Mrs. Garrison conveyed to Howard only an easement, which was the right to construct and operate a wooden tramway over certain lands. Howard or his assigns had no right to increase the servitude of the land by constructing and operating a steam railway over it. A conveyance of the right of way for a wooden tramway did not vest any such right. The operation of a tramway does not affect the value of adjacent land as much as the operation of a steam railway. The insecurity of live stock and persons, and the, inconvenience and annoyance incident to the operation of the latter do not attend the former. Hence, the grant of the right of way for the tramway does not imply the right to construct and operate the railroad. The owner of the land might be willing to waive compensation for the first, when he would not for the latter; and the compensation for the first would not be sufficient for the latter.

The decree of the chancery court is not prejudicial to appellant. It does not increase the damages for which it is liable. Appellee cannot dispossess it. Having stood by and permitted it to go on and construct its road and expend its money, she is estopped from maintaining ejectment for the entry, and will be regarded as having acquiesced therein, and will be restricted to compensation for the injuries she has suffered. *Organ* v. *Memphis & L. R. R. Co.,* 51 Ark. 235; *Roberts* v. *Northern Pacific Railroad Co.,* 158 U. S. 1.

We find no reversible error in the proceedings of the chancery court, and the decree is affirmed.