This is an action for judgment perpetually restraining and enjoining defendant from entering upon and using a certain right-of-way over and across the lands of the plaintiffs, located in Wayne County, and for other relief.
At the trial judgment was rendered as follows: "This cause coming on to be heard, all parties agreed upon a statement of facts, which is as follows:
1. The plaintiffs are residents of Wayne County, State of North Carolina; and the defendant is a corporation, duly organized under the laws of the State of North Carolina, with its principal office and place of business in Goldsboro, Wayne County, North Carolina.
2. That on 28 January, 1911, Daniel Grady and wife, Julia Grady, executed and delivered to the Virginia Lumber and Box Company an instrument, a copy of which is attached and marked Exhibit `A,' and taken as a part of this paragraph. (Said instrument is duly recorded.)
3. That the Virginia Lumber and Box Company about the year 1915, laid out and constructed a tramway or log road, narrow gauge, and said log road or tramway extended from a point south of the city of Goldsboro, through the lands described in the timber deed as described in Exhibit `A,' and also through several other tracts of land, for the distance of several miles, on each side of the lands of these plaintiffs. Soon after the completion of the construction of the log road, or tramway, the Virginia Lumber and Box Company operated over the said log road, or tramway, narrow gauge cars and narrow gauge engines, for the purpose of removing the timber on the lands described in paragraph two, and for the purpose of removing other timber belonging to the Virginia Lumber and Box Company. That, on 17 April, 1928, the Virginia Lumber and Box Company had cut and removed all of its timber on the lands described in Exhibit `A,' as attached to this judgment, and had cut and removed all the timber removable, adjacent to and removable on the road or tramway through, and constructed on, the lands described in Exhibit `A'; having constantly used the tramroad or log road, or tramway, narrow gauge, up to about 17 April, 1928.
4. That on 17 April, 1928, the Virginia Lumber and Box Company did discontinue the use of the log road or tramway.
5. That on 17 April, 1928, the Virginia Lumber and Box Company executed a certain instrument and delivered said instrument to the Borden Brick and Tile Company, a copy of which instrument is hereto attached and marked Exhibit `B,' and made a part of this paragraph; on which date the Borden Brick and Tile Company took possession of the right-of-way and narrow gauge log road above referred to, and has been in the constant use of the same since that date. *Page 513 
6. That, the Virginia Lumber and Box Company is now, and prior to 1911 was, a corporation, organized under the laws of the State of Virginia; it has, at all times, been engaged in the cutting, removing and manufacturing of timber into lumber. This Lumber and Box Company has never been authorized or licensed to operate as a common carrier. The Borden Brick and Tile Company is a corporation, organized under the laws of the State of North Carolina, and is, and at all times since its organization, has been engaged in mining and removing deposits of clay from the ground, and in moulding and burning this clay into brick; this brick and tile company is not now, and has never been licensed to operate as a common carrier; the Borden Brick and Tile Company is not now, and has never been engaged in the cutting and removing and manufacturing of timber. Among other powers contained in the charter of the Borden Brick and Tile Company, was the power to purchase, sell and convey property, real and personal.
7. Under the paper-writing described in Exhibit `B,' attached to this judgment, the Borden Brick and Tile Company, has taken possession of the right-of-way formerly held and used by the Virginia Lumber and Box Company, and conveyed by the instrument marked Exhibit `A'; the Borden Brick and Tile Company is now operating certain narrow-gauged cars and engines over the right-of-way over the lands so described, for the purpose of removing from lands beyond those described, deposits of clay belonging to the Borden Brick and Tile Company, and conveying this clay to their brick kilns near the city of Goldsboro; and defendant further has used and does use this narrow-gauge tramroad for the purpose of hauling lumbers to their clay holes, and has occasionally hauled brick to some individuals along the right-of-way; and for the purpose of hauling wood and rails to the brick kilns of the defendant.
8. That on 15 December, 1911, Daniel Grady died, leaving surviving him certain heirs, among whom is the plaintiff, L. B. Grady; that to L. B. Grady has been allotted a portion of the lands described in Exhibit `A' attached to this judgment. That across the tract of land so allotted to L. B. Grady, extends the right-of-way, on which the Virginia Lumber and Box Company constructed their tramway, and which right-of-way the Virginia Lumber and Box Company conveyed, by the paper-writing described in Exhibit `B,' to the Borden Brick and Tile Company.
9. That the Borden Brick and Tile Company is operating its tramroad across the land so allotted to L. B. Grady. That the right-of-way referred to extends across these lands. That this action was instituted for the purpose of restraining the defendant from further use of said right-of-way, and for having the right-of-way declared the lands of the plaintiff, L. B. Grady. *Page 514 
10. It is agreed that the plaintiff's right to damage is to be determined after the court has rendered a judgment as to the right to the title and possession of this right-of-way.
Conclusions of law by the court: Upon the foregoing statement of facts, the court being of the opinion that the Virginia Lumber and Box Company acquired a permanent right-of-way across the lands described in the timber deed above referred to, and that it had a right to convey said right-of-way to the defendant, the Borden Brick and Tile Company, and that the Borden Brick and Tile Company is now the owner of said right-of-way and entitled to continue its use of the same:
It is now, therefore, considered, ordered and adjudged that the said defendant, the Borden Brick and Tile Company, is the owner of the permanent right-of-way described in the timber deed from Daniel Grady and wife, to the Virginia Lumber and Box Company, referred to in the above statement of facts, and that, therefore, the plaintiffs are not entitled to the relief prayed for in the complaint.
Upon this conclusion, it is further considered, ordered and adjudged that this action be dismissed and the plaintiffs pay the costs to be taxed by the clerk."
Exhibit "A," attached to the foregoing judgment is a deed, dated 28 January, 1911, by which Daniel Grady and his wife, Julia Grady, for and in consideration of the sum of $700, paid to them by the Virginia Lumber and Box Company, the receipt of which is therein acknowledged, conveyed to said Virginia Lumber and Box Company, its successors or assigns, certain trees upon the tract of land described in said deed, and certain rights and privileges therein set out. The third paragraph of said deed is in words as follows:
"Third. That the party of the second part, its successors, assigns, shall have exclusive right and privileges, including the rights of ingress and egress to and from said lands as well as the lands hereinafter mentioned, and are hereby authorized to construct such buildings, roads, tramroads, railroads, etc., as they may deem necessary or convenient, on, over, and across said lands, and any other lands owned by parties of the first part, or either of them, and to maintain and operate same for the purpose of removing the trees herein conveyed, and any other timbers and trees now owned, or which may hereafter be acquired on other lands by the party of the second part, its successors, assigns, to use smaller trees, undergrowth and dirt for the construction, maintenance and operation of said buildings, roads, tramroads, railroads, etc., and to remove, without notice, such buildings, roads, tramroads, railroads, etc., at any time. And the right herein granted shall include a permanent right-of-way sixty feet wide across said lands and any other lands owned by the parties of the first part, or either of them, the location to be selected by the party of the *Page 515 
second part, its successors, assigns, for a main railroad, as well as any branch roads, now or hereafter planned."
Exhibit "B," attached to said judgment, is a deed, dated 17 April, 1928, by which the Virginia Lumber and Box Company, for and in consideration of the sum of ten dollars and other valuable considerations, the receipt of which is therein acknowledged, conveyed to the Borden Brick and Tile Company, its successors and assigns, "all of its right, title, interest and estate in and to the land, easement, rights and privileges described and defined in certain deeds heretofore executed and delivered to the Virginia Lumber and Box Company, which deeds are more fully described as follows:
. . . . . . . . . . . . .
"11. Deed from Daniel Grady and wife, dated 28 January, 1911, which is recorded in the office of the register of deeds for Wayne County, in Book 103 at page 460."
From the judgment rendered, plaintiffs appealed to the Supreme Court.
By their deed dated 28 January, 1911, and duly recorded in Wayne County on 31 January, 1911, Daniel Grady and his wife conveyed to the Virginia Lumber and Box Company, its successors or assigns, not only the trees on the land described therein, but also certain rights and privileges with respect to said land, which are fully set out therein. The consideration for said conveyance was $700. It does not appear from the recitals in the deed that this consideration was paid solely for the conveyance of the trees and the rights and privileges necessary for the cutting and removal of said trees from the land. It was paid not only for the conveyance of the trees and said rights and privileges, but also for the trees and all the rights and privileges set out in the deed with respect to the land on which the trees were standing and growing. The language used by the grantors in said deed is so plain and their intention so clearly expressed, that there is no room for construction. Hinton v. Vinson, 180 N.C. 393,108 S.E. 897. The rights and privileges conveyed by the deed, are (1) to construct over and across the land described in said deed, roads, tramways and railroads, and to use the same for the purpose of removing the trees conveyed by the deed, as well as other trees owned by the grantee, its successors or assigns, on other lands; and (2) to locate on said land a right-of-way, sixty feet wide, for a main railroad as well as any branch road planned by the grantee, its successors or assigns, at the date of the deed or thereafter and to use said right-of-way, permanently, for said purpose. Hughes v. R.R., 119 N.C. 688, 23 S.E. 717. The right to construct *Page 516 
roads, tramways and railroads over and across said land, for the purpose of removing trees from said land, or other lands, expired, necessarily, when the right to cut and remove said trees expired. The right, however, to use the right-of-way to be located by the grantee, its successors or assigns, for a main railroad, or a branch road, is permanent. This latter right was conveyed by the Virginia Lumber and Box Company to the defendant, Borden Brick and Tile Company. The defendant is now by virtue of the conveyance to it by the Virginia Lumber and Box Company, the owner of all the rights and privileges with respect to the land owned by plaintiffs, which were conveyed by Daniel Grady and wife to the Virginia Lumber and Box Company and owned by said company at the date of its deed to the defendant. These include the right to locate and use permanently for a main railroad or a branch road a right-of-way over and across the land of the plaintiff.
The fact that neither the Virginia Lumber and Box Company nor the Borden Brick and Tile Company is now or ever has been authorized to engage in or carry on the business of a common carrier by railroad, under the law of this State, is immaterial. A corporation organized under the laws of this State, with no power in its charter or otherwise to engage in or carry on the business of a common carrier, has no capacity to take and use an easement for that purpose. Beasley v. R. R., 145 N.C. 272, 59 S.E. 60. It does not follow from this principle, however, that such corporation may not acquire by deed a right-of-way for the purpose of constructing and maintaining thereon a railroad for its private use. In the instant case, it is apparent that a railroad operated by it in the conduct of its own business, is a convenience, if not a necessity, for the defendant. We find no error in the judgment. It is
Affirmed.