*522
 
 Ruefin, Chief-Justice.
 

 There is no dispute in this case upon the facts, the parties having agreed on them in the pleadings, or by admissions in court, as set forth in the decree of the Superior Court. The bequest is in these words:
 
 “
 
 I give to
 
 Edward S. Giles,
 
 one horse, saddle and bridle, worth $80, when he shall arrive at the age of twenty-one years.” The will is not exhibited, and no other parts of it set forth in the record, so that the case turns upon the words of this disposition alone. Upon them it is within the rule which annexes the time to the substance of the legacy, and makes the right dependant upon the arrival of the legatee to the age prescribed.— Although this rule was adopted by the Courts of Equity less upon principle, than from the necessity to make their decisions, in a matter in which the two tribunals exercised a concurrent jurisdiction, conform to the prior ones of the Ecclesiastical Courts, yet it is now an old rule of equity itself, which must be adhered to. It is found in all the text writers, and is acknowledged and acted on by the courts in modern time.
 
 (1 Eq. Ca. Ab.
 
 295,
 
 p.
 
 6.
 
 Hanson
 
 v. Graham, 6
 
 ib.
 
 239.) It has also been adopted in this State in
 
 Perry
 
 v. Rhodes, (2
 
 Murph.
 
 140) and in other cases. The
 
 gift
 
 is
 
 when
 
 the legatee shall attain twenty-one. Until that event the legacy is contingent, and could not bo demanded. The utmost relief that could have been granted in the respect of it, would be to secure it; and upon the death of the legatee before its vesting, it would have lapsed.
 

 The question is whether in the event which has happened, namely that the legatee has attained his age, a prior payment during his minority,- to his guardian, be a due payment, so as to discharge the executor.
 

 An executor is a trustee for the legatees, and is bound to preserve the legacies for them, so that they shall have the benefit intended for them at the periods designated. If he or any other trustee, with even the best intentions, place the fund in other hands, without the directions of a competent court, or other legal authority, he does it at his peril, and must answer it to the person entitled.— There are many cases in the books,-where the executor has
 
 *523
 
 been charged a second time under circumstances of great hardship. It is upon the principle that lié cannot,for his own ease, make another person the debtor or trustee for the ]0gatee, when he was not compelled or compellable to it. Such is the case here. The payment was made to the guar-diantwho had not then,and never could have authority to receive it. His office would necessarily expire before the legacy could arise, which-could only be when the legatee would have capacity to receive it himself, and give an acquittance for it. That the payment to the guardian, under-these circumstances, is not conclusive on the legatee, seems to follow from this, that it is not a payment to-the legatee either in fact or in law, on which lie would be chargeable to all purposes with the sum, as having been received by him. Suppose the petitioner had died after the payment, and before twenty-one — the legacy as having lapsed, would be rcdcmandablc by the executor or a remainder-man, if limited over. From whom could it bo required? Certainly not from the administrator of this legatee; because lie had never a right to receive it, nor ever in fact received it. The resort must have been to the guardian by whose hand's it was received and is held, and to those who have bound themselves for him,, if there be such.
 
 If the
 
 general estate of the legatee would not be liable to refund it, the consequence- seems-. a necessary one, that until the value came in fact to his hands, his legacy is not satisfied. This seems, to have been in effect admitted by his Honor, as the decree rests principally upon the ability of the petitioner to obtain satisfaction from the sureties of his guardian. If that could operate at all against the petitioner, it would only he as a- temporary restraint, until he had made the effort, and tested its success; which could not authorise a decree dismissing the petition, and thereby establishing it now, as a perpetual and conclusive bar. But it seems to us that it does not affect the petitioner more in the one way than in the other.
 

 It is very true that the petitioner would have a reme-medy against the guardian personally, upon his actual receipt of the money, and so with the defendant, upon
 
 *524
 
 Iiis having to pay it a second time. But it is admitted that the guardian died insolvent, so that the right of recourse to him is a vain one. It is however stated that his sureties are of ability and responsible. It is alliestion whether they would be liable, since the money, at no time during the guardian’s life, was the property of the ward. But admitting that a recovery could be made from them, because their principal received the sum under color of his office, and converted it, yet the defendant is also the trustee of the petitioner, and committed a breach of trust in paying over a legacy which he ought to have held in his own hands. A
 
 cestui que trust
 
 may follow the fund; but he is not bound to do so. He may, if he choose, take his recourse immediately against his trustee, and leave the latter to rc-imburse himself out of the fund, or from the party in whose hands he placed it, or those who are answerable for him. The responsibility of a trustee is not subsidiary but primary, and the person entitled is not obliged to look further than to him. If the guardian or his sureties (supposing them bound) were before the Court, it would be just that the decree should, in the first instance call the money from those who will be ultimately liable for it; but the plaintiff is under no necessity to make them parties, as he has a distinct and complete case against the defen-ant may at his election take his relief against him exclusively. For these reasons, the Court deems the decree erroneous, and reverses it, and thinks the plaintiff entitled to a decree for the value of his legacy, with interest from the filing of this petition, with costs.
 

 Per curiam. — Decree reverse».