J. B. GREEN and others *v.* J. L. GREEN and others.

## *Wills—Vested Legacy.*

1. A legacy to one *payable* or *to be paid* at a particular time is a vested legacy.

2. A bequest to a legatee *when* he becomes of age, but in the meantime the property is given to a guardian for the legatee's benefit, vests at the death of the testator; and if the legatee die before twenty-one, the personal representative is entitled to it. The conditional word is annexed to the *payment*, not to the *gift* of the legacy.

3. But where it is given *at* twenty-one, or *in case*, or *provided* the legatee attain such age—these words annex the time to the substance of the legacy, and the legatee's right to it will depend on his being alive at the time fixed for payment.

GREEN *v.* GREEN.

PETITION by the plaintiffs as executors of Beady A. Green, for the settlement of the estate of their testatrix, tried, upon the issue raised by the pleadings, at Fall Term, 1881, of UNION Superior Court, before *Avery, J.*

The proceeding was commenced by the executors before the clerk of the superior court against J. L. Green, Lydia A. Duncan and J. R. Duncan, her husband, and others, legatees of the testatrix, for a final settlement of their administration and a discharge from their trust. After issuing the summons, but before filing the petition, Lydia A. Duncan died, and her husband, J. R. Duncan, qualified as her administrator, and was made a party to the suit as such. Lydia died before arriving at the age of twenty-one years.

The plaintiffs allege in their petition that they had settled up the estate of their testatrix, and paid off all the legacies bequeathed in her will, except the legacy of one hundred and twenty-five dollars to Lydia A. Green (now Duncan) to which they are advised and believe the said J. R. Duncan is not entitled as her administrator, as she died before attaining the age of twenty-one years.

The defendant Duncan in his answer controverted this allegation and contended that he was entitled to the legacy as the personal representative of the said Lydia.

This was the only issue raised by the pleadings, and involves a construction of the will of Beady Green, presenting the question whether the bequest to Lydia was a vested or contingent legacy.

The clauses of the will which are material to this invesgation are as follows:

Item 2. I give and bequeath to my eldest daughter Beady E. Green, now intermarried with M. E. Hagler, one hundred and twenty-five dollars when she becomes of age.

Item 3. I give and bequeath to my daughter Sarah J.

Green, single woman, one hundred and twenty-five dollars to be paid to her when she becomes of age.

Item 4. I give and bequeath to my youngest daughter Lydia A. Green, one hundred and twenty-five dollars when she becomes of age, also one bed and furniture to have at my death.

Item 7. And whereas my youngest son William T. Green is about the age of fourteen, and will not be of full age of twenty-one years until the 7th day of December, 1882, and my youngest daughter Lydia A. Green will not arrive at the full age of twenty-one years until July 9th, 1885, and whereas my eldest son James L. Green will not be of full age of twenty-one years until September 3rd, 1879, now therefore my will and desire is that my step-son John B. Green is hereby constituted and appointed guardian of my three children, to have and to hold the custody and guardianship, both of their respective persons and estate, until they, the said William T. Green, Lydia A. Green and James L. Green shall severally arrive at the full age of twenty-one years.

In the 8th item a guardian is appointed for the minors, Sarah J. Green and Henry T. Green, with like power and authority to that conferred upon the guardian in the 7th item.

The clerk of the superior court decided that the legacy was vested, and on the appeal to the superior court His Honor concurred in the decision of the clerk, from which judgment the plaintiffs appealed.

*Mr. A. W. Haywood,* for plaintiffs.
*Messrs. Payne & Vann,* for defendants.

ASHE, J. All the authorities agree that where a legacy is given to one *payable* or *to be paid* at a particular time, it is a vested legacy, because in such cases the time is annexed

to the payment and not to the gift; but where these words are omitted and the legacy is given *at* twenty-one, or *if when, in case of,* or *provided* the legatee attains the age of twenty-one or any other definite period, these expressions annex the time to the substance of the legacy, and make the legatee's right to it to depend on his being alive at the time fixed for payment; and consequently if the legatee should die before that period arrives, his personal representative will not be entitled to the legacy. 2nd Williams on Executors, 1107, and Iredell's Executors, 142. But, says Roper in his work on Legacies, 386, all these and other similar words of condition may be so explained and controlled by the context of the will, as not to prevent the legacies from vesting before the happening of the event upon which they are made payable. In such instances, the intention of the testator's will predominates over technical words and expressions, when it is declared, or appears from a sound and rational construction of the will. And the same author in pursuing the subject lays down as a general rule to guide in such cases, that " when the period of payment or enjoyment of the fund is deferred until the legatee attain twenty-one, and the first gift of it is made to him *when* or *after* he shall attain that age, but in the mean time the property is given to a parent, guardian or trustee for the leg.tee's benefit, the words *when* or *after,* which import a condition precedent to the vesting of the legacy, will not be permitted to produce that effect; on the contrary they will be considered as merely descriptive of the time when the legatee is to be let into *possession* of the fund, and then, according to the rule mentioned in the first section (which is, that when a legacy is given to be paid or payable at a future definite period, it is vested) the interest in the legacy will vest at the death of the testator, and if the legatee die before twenty-one, his personal representative will be entitled to the money. The principle is this: Since the *whole* interest in

the fund is given in the one way or the other, to and for the benefit of the legatee, it could not be the intention of the testator to make it contingent whether the legatee should have the absolute interest. That interest is split into two parts; till one period, it is given to the parent, guardian, or trustee; and at the other, it is given to the legatee. The reason why it was not sooner given to the legatee was from regard to his convenience, as it could not be conveniently given to a person under age. Hence it is apparent that the conditional words were merely annexed to the *payment* not to the *gift* of the legacy."

This rule of construction as laid down by the learned author has been supported by various decisions, among which is notably the case of *Branson* v. *Wilkinson*, 7 Ves., 421, where the testator gave to the two children of his niece one dock share, &c., when they should attain the ages of twenty-one, in equal shares, and appointed their father *trustee* for them during minority. The question was whether the legacies were vested or contingent, and SIR WILLIAM GRANT decided that they were vested, upon the ground that the testator in appointing a trustee for them during minority clearly showed his intention to postpone the possession and not the vesting of the legacies.

Applying the principles enunciated by these authorities to our case, we are led to the conclusion that the bequest to Lydia was a vested legacy. Here, as in the case of *Branson* v. *Wilkinson*, instead of a trustee, a guardian is appointed to have and to hold the custody and guardianship of the person and estate of Lydia, until she attains the age of twenty-one. He is to have the guardianship of her person and the custody of her estate. What estate? She had no estate but the bed and furniture and the legacy. The bed was to be given her upon the death of the testatrix, who would hardly have appointed a guardian to take it into his custody and management. The legacy then was the only other

property to which she had any claim. She had no other estate. But the testatrix directs that the guardian should have the custody of her estate, and it is necessarily the legacy to which she refers.

If it was her intention to make the payment by the executors of the legacy to Lydia depend upon the contingency of her attaining the age of twenty-one, there would have been no use in appointing a guardian to take charge of her estate.

· The testatrix in making the will was evidently *inops consilii*, for the will clearly discloses the intention of making all of the three daughters equal. The gift to each is the same in amount, and yet in making the bequests she used expressions which in the abstract gave an absolute vested legacy to one of them, and contingent legacies to the others. There is no reason for this distinction to be gathered from the will, or, for aught that appears, from the circumstances of the legatees. The discrimination must have resulted from an ignorance of the meaning of the terms used. Taking the whole will together, we are clearly of the opinion it was the intention of the testatrix to give a vested legacy to Lydia, and it was her intention that it should be paid to her guardian and kept and managed by him, until she arrived at the age of twenty-one.

And as it is a vested legacy to be paid to Lydia when she arrives at the age of twenty-one, upon her death before that event, the right to it is transmitted to her administrator, the said J. R. Duncan.

There is no error. Let this be certified to the superior court of Union that further proceedings may be had according to this opinion and the law.

No error. Affirmed.