W. S. CLARK v. ANNIE L. WIMBERLY AND JAMES PENDER, TRUSTEE UNDER THE WILL OF JOHN LAWRENCE.

(Filed 23 February, 1916.)

1. **Wills—Trust Funds—Life Interest—Contingent Interests—Estates.**

An estate devised to M. "during her natural life, free from the control of her husband, and at her death to be paid to such of her children as she may have surviving her, and to the issue of such of her children as may have died in her lifetime leaving issue," the children to take *per stirpes*: *Held,* the children of M. held an estate dependent upon their being alive and filling the description at the time of the death of their mother, the life tenant; but if they died before then without issue, their interest became extinct, and if they so died leaving issue, these last became the owners of the interest of their deceased parent, but holding directly from the testator.

CLARK *v.* WIMBERLY.

**2. Same.**

> M. held by devise a life interest in a trust fund created under the will, with the remainder to her children, J., L., and A., contingent upon their surviving her, with further limitation over to their surviving children, to take *per stirpes* upon the nonhappening of the contingency stated. The life tenant and her children, J., L., and A., assigned "all our right, title, and interest in and to $800 in value of said fund" to secure a creditor of J., and J. and L. having predeceased their mother, the former leaving children surviving and the latter none, it is *Held*, by the terms of the assignment, the interest of A., having survived her mother, liable to the debt, is one-third of $800, the full amount specified, and not her entire interest in the funds; and this interpretation is not affected by a later clause in the writing of assignment, that the indebtedness be credited "with $800 if the interest of the parties hereto in the trust fund now·in the hands of the trustee shall amount to so much."

APPEAL by defendant from *Rountree, J.,* at November Term, 1915, of EDGECOMBE.

Civil action, heard on case agreed.

From the facts agreed upon it appeared that a trust fund of $1,800 is now in the hands of defendant James Pender, coming from John Lawrence, deceased, and impressed by his will with the following trust: "To be held for the sole, separate, and exclusive use of my daughter, Martha L. Wimberly, during her natural life, free from the control of her said husband or any future husband, and, at her death, to be paid to such of her children as she may leave surviving her, and to the issue of such of her children as may have died in her lifetime leaving issue, the issue to stand in the place of their deceased parent and to take such share as such parent would if living." John Lawrence having died on 18 January, 1892, there were surviving the life tenant, Martha, and her four children, John L., Annie, Lucy L., and Mrs. Fields, and, on that date, John L. Wimberly being indebted in a large amount to plaintiff, he and his mother, the life tenant, and two of his sisters, Annie and Lucy, executed a contract assigning to plaintiff certain specified portions or interests in the trust fund to secure his claim. Thereafter, on 11 October, 1893, John died, leaving two children. On 16 October, 1895, Lucy died without issue. On 25 June, 1915, the mother, the life tenant, died, leaving her surviving her two daughters, Mrs. Fields and Annie L., and the two children of John, only Annie having executed the contract declared on.

The question presented was whether, by correct construction of the contract, the interest of Annie L. in the entire trust fund was applicable to plaintiff's claim or whether her interest only in $800 of the fund was so applicable.

The court being of opinion that the interest in the entire fund was bound, provided same did not exceed $800, so entered its judgment, and defendant Annie L. excepted and appealed.

CLARK *v.* WIMBERLY.

*James Norfleet for plaintiff.*
*James Pender and W. O. Howard for defendant.*

HOKE, J.  By the terms of the will the children of Martha L. Wimberly held an estate dependent upon their being alive and filling the description at the time of the death of their mother, the life tenant. If they died before that time without issue their interest became extinct; and if they so died leaving issue, these last became the owners of the interest of their deceased parent, but holding directly from the testator. *Sessoms v. Sessoms,* 144 N. C., 122; *Latham v. Lumber Co.,* 139 N. C., 9; *Bowen v. Hackney,* 136 N. C., 187; *Ebey v. Adams,* 135 Ill., 80. This being true, and the contract in question having been executed by Martha, the life tenant, John, the son, and two of his sisters, Lucy and Annie, the defendant, and, it appearing that Lucy died before her mother without issue, that John died before the mother, leaving two children, who take and hold direct from the testator, and the life tenant having also died, the trust fund is now held and owned, one-third by Mrs. Fields, one-third by the children of John, and one-third by Annie, whose interest alone is subject to the terms of the contract, and, as heretofore stated, the question presented is whether this is one-third of the entire trust fund, not to exceed $800, or is the amount restricted to one-third of $800.

Recurring, then, to the terms of the contract, after reciting that a trust fund of $1,800 is held by a trustee under the terms of the will of John Lawrence, the portion of same more directly relevant proceeds as follows: "And whereas the said J. L. Wimberly is indebted to W. S. Clark in a large sum, and desires, as do all the parties hereto, to assign and set over to the said W. S. Clark their interest in $800 of said fund now in the hands of said Staton, trustee, as security for the said debt due Clark: Now, therefore, know all men by these presents, that we, Martha L. Wimberly, J. L. Wimberly, Lucy L. Wimberly, and Annie L. Wimberly, for and in consideration of the premises and of $1 in hand paid, do assign, transfer, and set over unto the said Clark all our right and interest in and to $800 in value of the said fund now in the hands of the said Staton, trustee, together with such interest as may accrue upon said $800 from this date, at the rate of 8 per cent per annum, and do hereby authorize and empower the said Staton, trustee, to credit the said indebtedness of the said Clark with the interest which may accrue upon the said $800 during the lifetime of the said Martha L., and at her death to credit the said indebtedness of the said Clark with $800, if the interest of the parties hereto in the said trust fund now in the hands of said trustee shall amount to so much.  The said Clark is to credit his indebtedness against the said J. L. Wimberly with whatever he may receive under and by virtue of this instrument."  And on careful

perusal of the contract we are of opinion that only the amount, $800, is included therein, and that it may not be extended so as to include the entire trust fund. This is undoubtedly the meaning of the recital, "desires to assign over their interest in $800 of the fund," and is the primary and more natural interpretation of the operative terms in the body of the contract, "do assign, transfer, and set over unto said Clark all our right, title, and interest in and to $800 in value of said fund."

It is insisted for plaintiff that a different significance is given to these stipulations by the closing terms of the instrument, "to credit the indebtedness of said Clark (on an amount due from him to the trust fund) with $800, if the interest of the parties hereto in the said trust fund now in the hands of the trustee shall amount to so much"; but to our minds there is nothing in the closing terms of the contract necessarily inconsistent with the stipulations referred to. The parties were evidently aware that the interest of any of the signatories might be withdrawn by the contingency attaching to their ownership, and the terms should be referred to the interest of all the parties as events might determine and in that part of the trust fund designated and assigned in the former portion of the instrument.

From the circumstances of the transaction it should not be readily inferred that these parties, plaintiff or defendant, contemplated that Annie should become the sole paymaster of John's indebtedness to the extent of her entire interest in the fund, and, if it be conceded that there is a repugnancy in the first and last clauses of the contract, we are of opinion that the former expressed the controlling purpose, and should be held determinative of its meaning. See 6 Ruling Case Law, article "Contracts," sec. 236.

This will be certified, that judgment be entered restricting the liability of defendant Annie to one-third of $800 of the fund.

Reversed.