Nash, J.
 

 The claim of the plaintiffs rests upon the ground, that the bequest to the children, after the death of the widow,'was a vested remainder, and vested in all the children of James McMurray, who were alive at his death ; and that, consequently, it made no difference at what time any of the children might die, whether before or after the falling in of the life estate. The testator seems to have been aware, that questions of that kind had before then arisen upon the construction of wills, and entangled and perplexed the settlement of estates, and has clothed
 
 his
 
 intentions in language that cannot be mistaken. The intention of the testator is the governing rule in the construction of wills, upon the principle, that the law accords to every man the right to dispose of his property
 
 *104
 
 after bis death, as he shall please. If, therefore, his intention can be ascertained from the will, and it contravenes no rule of, law, that intention shall be carried into effect. It sometimes becomes very difficult to ascertain, what is the true meaning of a will; and the Courts have been compelled to adopt various rules, as indicating the will of the testator, which in such cases will be observed. Here there appears to be no difficulty in ascertaining the wishes and design of the testator. The remainder men are such of his children as shall be alive, at the time the life estate falls in. The words are precise — ■“ to be enjoyed by her (his widow,) during her natural life, and at her death, &c. to be divided among
 
 all
 
 my children, that are
 
 then alive.”
 
 The testator does not choose to leave any thing to speculation. He not only fixes the time at which the property shall be enjoyed, but by whom. It is impossible, by authority or argument, to make his meaning more apparent, than he has himself done ; and the will furnishes abundant evidence, that the phraseology used was not lightly nor ignorantly adopted. In the clause of his will next succeeding, he gives
 
 to
 
 his wife the remainder of his lands, not previously disposed of, during her life, &c., remainder to his son, John McMurray,
 
 if he is then living, “
 
 but if he shall die before
 
 that
 
 time, the land previously given to his wife for life, &c. is to be sold, and the proceeds to be equally divided among all my children
 
 then living.”
 
 In a subsequent clause he directs, that certain property shall be put into the possession of his wife, upon her giving bond, <fcc. and, if she declines taking it upon 'the conditions specified, then it is to be sold, and, after payment of his debts, “ to be equally divided between my wife Elizabeth McMurray, my son John, my daughter Uphia, and my daughter Hannah.” And again, in the succeeding clause, he leaves a negro man to his wife for ten years, to assist in raising his youngest children, and, at the expiration of that time, to be sold, and the money “ to be equally di
 
 *105
 
 vided between my wife, and my children that are
 
 then
 
 living.” It is manifest the testator well, understood the meaning of the words he used, and that he varied them, as occasion required, to meet his wishes in the disposition of his property. The objects of his bounty were his
 
 own
 
 children ; and he had a legal right to dispose of his property as he chose.
 

 We have examined the authorities to which our attention has been directed. There is nothing in them, to change the view we have taken of the case. They only prove that the word “ children” may, under peculiar circumstances, mean “ grand-children;” as where the meaning of the testator is uncertain, and the bequest must fail, unless such construction be given. That is not the case here. The Bill must be dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.