SAVINGS BANK AND TRUST COMPANY, Guardian, et als. v.
S. H. JOHNSON et als.

(Filed 24 February, 1915.)

**1. Wills, Interpretation—Trusts.**

While no particular words are necessary in a will for the creation of a trust, the intention of the testator as gathered from the whole instrument, and not from parts of it, must be clear and manifest for the courts to declare that one has therein been created.

**2. Same—Executor and Administrator—"Entire Control."**

A devise to the wife of the testator of the home place for life and at her death to his children in fee, share and share alike, with further pro-

vision, in a later item, that his wife and children "shall share equally in both real and personal property, the division not to be final until my youngest child, Virginia, is 21, if living, and if either die without children, their property is to be equally divided between their brothers and sisters," does not create a trust merely by the appointment of executors, stating that they were for the purpose "to execute this my last will and to have entire control thereof so long as may be necessary for the fulfillment of this will," and to act as guardian for minor children of the testator, the powers given the executors being only such as they would otherwise have had as a matter of law, and the appointment of a guardian being unnecessary to a trust estate.

3. **Wills — Interpretation—Estates—Beneficiaries' Death—Limitations—Contingent Remainder—Trusts.**

A testator who died seized and possessed of a large estate consisting in real and personal property, devised his home place to his wife for life, with limitation over to his children in fee simple, share and share alike, and by a later item provided· that his wife and children "shall share equally in both real and personal property, the division not to be final until my youngest child, Virginia, is 21, if living, and if either die without children, their property is to be equally divided between their brothers and sisters": *Held*, the last words of the quotation refers to the death of the children of the testator and is inconsistent with the construction that the whole property should be held by the ,executors, as trustees, such construction applying equally to the wife, who takes her life estate in the home place absolutely.                                        •

4. **Wills, Interpretation — Executors and Administrators—Passive Trusts— Possession and Use—Statute of Uses.**

Executors named in a will "to all intents and purposes to execute this my last will and testament; to have entire control thereof so long as may be necessary for the fulfillment of this will," etc., if construed to hold as trustees, they are, upon the terms of the will being construed, trustees only of a passive trust, and the devisees and legatees will be entitled to the present possession and use of the property they derived by the will, under the statute of uses.

5. **Wills, Interpretation—Contingent Remainders—Final Distribution.**

A devise and bequest of the testator's real and personal property to his wife and children, "the division not to be final until my youngest child is 21 years,· and if either die without children, their property is to be equally divided between their brothers and sisters": *Held*, the wife presently takes her share of the property devised to her; and the children presently take a determinable fee to their whole interest in the property, to be defeated upon the happening of the contingency of dying without children, the final division to take place when the youngest child is 21 years.

APPEAL by plaintiff from *Carter, J.,* at November Term, 1914, of PASQUOTANK.

Action by the guardian of three of the devisees and legatees of J. B. Flora against his executors to compel the delivery and payment of the
168—20

devises and legacies, and the matters in controversy depend upon the construction of the will of said Flora, which reads as follows:

I, J. B. Flora, of the above county and State, and being of sound mind and memory, do make, publish, and declare this to be my last will and testament, as follows:

1. My executors hereinafter named shall pay all my just debts out of the first money which may come into their hands belonging to my estate.

2. I give and devise unto my beloved wife, Allie V. Flora, the home place where I now reside, at the time of my death, together with all the household and kitchen furniture therein, so long as she may live and no longer, and at her death to my children in fee simple, share and share alike.

3. I give and devise unto my wife and children, share and share alike, all the balance of my property, both real and personal property, after paying the following amounts herein named.

4. I give to each of my sisters' three daughters as follows: To Serena, $100; to Georgia, $100, and to Bettie, $200, and to my brother John Flora's deceased three girl children, $100 each, and to his son, Jerome Flora, a note I have of $150, hereto attached.

5. I also give to D. G. Brockett $200.

6. I give to Jerome Flora, my son, $4,000, and to Howard and Edward Flora and to Virginia Flora, my children, $5,000 each, to the equal amount I have given my daughter Ida J. Flora, now Mrs. S. H. Johnson, having bought a home and given her. Also to Howard, Edward, and Virginia I give and bequeath $583.90, with interest at 4 per cent from 28 May, 1913, this being their part received from a dividend of the Mutual Life Insurance Company; Ida and Jerome having had this amount paid to them.

6. I wish the farm known as the Baxter farm to be divided as follows: Commencing at the Smith line, running down the lead ditch to the river, the eastern part, the old home, to my son Howard, value $12,000; the front part bound by the main road, Smith and Winslow, to Edward, value $10,000; the road leading to both houses to be kept up equally by both. In case that neither one should not want it at the above valuation, it is to be had by the others and the same valuation, and it is not to be sold by either Howard or Edward to any other party except a brother or sister unless they both agree to sell, and this shall not be till they are both 21 years old. The team and farming utensils shall be equally divided between Howard and Edward, the value of farm to include the team and farming utensils.

7. My wife and children shall share equally in both real and personal property, the division not to be final till my youngest child, Virginia, is

21 years, if living, and if either die without children, their property is to be equally divided between their brothers and sisters.

8. I hereby constitute and appoint my wife, Alice V. Flora, and all my children who may be of lawful age, and S. H. Johnson to represent my daughter Ida, my lawful executors to all intents and purposes to execute this my last will, to have entire control thereof so long as may be necessary for the fulfillment of this will, to act as the guardian of my minor children, should there be any.

9. And shall not be required to give any bonds, and make only such returns to the court that is required by law. In case of minor children, if in the judgment of the executors it is best, they may appoint the Savings Bank and Trust Company guardian.

In testimony whereof I have hereunto set my hand and seal this the 6th day of January, 1914.

Witness:　　　　　　　　　　　　　　　　　J. B. FLORA.　[SEAL]

　　H. G. KRAMER.
　　E. W. CARR.

The estate is estimated to be worth $250,000, a considerable portion of which is a prosperous mercantile business.

The testator left a wife and five children surviving him, three of the children being under 21 years of age. All the debts of the testator and the legacies given in items 4 and 5 have been paid.

The executors contend that the language in item 8 appoints them trustees of the estate, and that they have the right to retain the whole of the estate, and to continue the mercantile business. His Honor ruled against this contention, and the defendants excepted. The plaintiffs contend that they are entitled to have a division of the property now, and to enter into possession thereof.

His Honor ruled against this contention, and the plaintiffs excepted.

Judgment was entered accordingly, and both parties appealed.

*Aydlett & Simpson for plaintiff.*
*Ehringhaus & Small for defendant.*

ALLEN, J. We agree with his Honor that the words used in the eighth item of the will in connection with the appointment of the executors, that they are "to have entire control thereof (the property) so long as may be necessary for the fulfillment of this will," do not create a trust.

It is true, no particular words are necessary for the creation of a trust, but the intention to do so must be clear and manifest (*Haywood v. Wachovia Co.,* 149 N. C., 208; *Haywood v. Wright,* 152 N. C., 421), and in determining the intention of the testator the entire will must be considered, and not separate parts of it. *Taylor v. Brown,* 165 N. C., 161.

When so considered, we not only find no language in item 8 importing a trust, but when we look at the other parts of the will we nowhere find any trust declared.

The control of the property is given to the executors, not to trustees, and for the fulfillment of the *will* and not to execute a trust and no power or authority is conferred that did not exist under the law, as they had the right, as executors, to have control of the property "so long as may be necessary for the fulfillment of the will."

Again in the same item the executors are appointed guardians of the minor children, which would be unnecessary if they were trustees, and upon an examination of the whole will the intention is clear that the testator contemplated a division of his property now, and another and final division upon the death of a child leaving no children, which would be in conflict with the position that the executors are to hold and control the property as trustees.

It also appears from the will that the wife and children are the objects of the testator's bounty, and he declares his intention that they shall share equally in real and personal property. In item 2 he gives the wife his home place for life, and after giving away certain specific amounts and making a devise of a tract of land, he provides in item 7 that his wife and children shall share equally in real and personal property.

This devise to the wife is absolute, because the language in item 7, "if either die without children," does not refer to the wife, but to the children; and if absolute, it is inconsistent with the position that the whole property shall be held by trustees; and the part of item 8 relied on to create a trust applies with equal force to the property given to the wife as to that given to the children.

If, however, it should be held that the language is sufficient to establish a trust, it would now be a passive and not an active trust, because it could only continue "so long as may be necessary for the fulfillment" of the will, and all the duties under the will have been performed except the distribution of the property, and if passive, the devisees and legatees would be entitled to the possession and use of the property. *Perkins v. Brinkley,* 133 N. C., 86; *Lummus v. Davidson,* 160 N. C., 487.

The ruling upon the other question involved in the appeal is, in our opinion, erroneous.

No language can be found in the will which limits the estate and interest given to the wife and children except the words in the seventh item, "if either die without children," and it is clear these do not refer to the wife, because at the time of making the will she had five living children, and it is improbable that the testator contemplated the death of all the children before the death of the wife, and in the contingency named *"their* property is to be equally divided between *their brothers* and *sisters."*

It follows, therefore, that the interest of the wife is absolute, and that she is now entitled to the property devised and bequeathed to her.

These provisions are in the item of the will which declares, "My wife and children shall share equally in both real and personal property," and this principle of equality which pervades the whole will would be destroyed if the wife can take now and the right of the children is postponed.

The use of the language in this item, "the division not to be final till my youngest child, Virginia, is 21 years," also indicates a purpose to have a division before that time, and is without meaning unless interpreted to give the right to a division of the property among the children now, but if a child dies without leaving children, that there shall be another and final division.

It follows, therefore, that the children take the whole interest in the property, which may be defeated upon dying without children, or, as it is usually termed, a determinable fee, which passes a present interest, subject to be defeated, however, upon the happening of the contingency (*Rees v. Williams,* 165 N. C., 202); and following the principle which favors the early vesting of estates (*Dunn v. Hines,* 164 N. C., 120), and in accordance with the declared purpose that *final* division shall be had when Virginia becomes 21, the time for the happening of the contingency would be that fixed for final division, and the estates and interests will then be absolute.

The court may by decree protect the several interests until the estates become absolute, taking into consideration the protection afforded by the guardian bonds of the infants.

Reversed on plaintiffs' appeal.

Affirmed on defendants' appeal.