CHARLES E. HAMILTON v. CITY OF ROCKY MOUNT.

(Filed 1 October, 1930.)

APPEAL by defendant. from *Sinclair, J.,* at January Term, 1930, of NASH. Affirmed.

*Finch, Rand & Finch, Cooley & Bone and Biggs & Broughton for plaintiff.*
*Spruill & Spruill, Battle & Winslow and Thorp & Thorp for defendant.*

ADAMS, J. The disposition of this case is controlled by the decision in *Hamilton v. Rocky Mount, ante,* 504. Judgment
Affirmed.

═══════════════

L. B. GRADY AND WIFE v. BORDEN BRICK AND TILE COMPANY.

(Filed 1 October, 1930.)

1. **Deeds and Conveyances C c—In this case held: deed conveyed permanent right-of-way to grantee whose transferee succeeded to its rights.**

   Where a deed conveys standing timber with the right to construct and use roads, tramways and railroads thereon for the purpose of cutting and removing the trees conveyed, and also conveys a right-of-way sixty feet wide for a main railroad as well as any branch road planned by the grantee, its successors and assigns, the right-of-way to be used by it permanently, the consideration expressed not being confined to the right to the trees alone: *Held,* although the right to enter upon the land for the purpose of cutting and removing the trees expired when the trees conveyed had been removed, by the plain language of the deed a permanent right-of-way sixty feet wide was conveyed to the grantee, and one claiming under a deed from the grantee has the right to the easement and its use for other private purposes, in this case the right to transport clay for brick over the land.

2. **Corporations G a—Corporation acquiring right of way for railroad need not have right to operate as common carrier to use it for private road.**

   Where a corporation has acquired by deed a permanent right-of-way over the lands of the original grantor for a railroad, it is not necessary that the corporation have the charter right to operate as a common carrier in order to use the right-of-way for a private railroad necessary to the carrying out of the powers expressly given it in its charter.