## W. E. LEWIS v. BUTTERS LUMBER COMPANY.

(Filed 12 November, 1930.)

1. **Deeds and Conveyances C c—In this case held: timber deed also conveyed permanent right of way over grantor's land for private railroad.**

   Where a deed conveying the right to cut and remove the timber upon land within a period of three years also expressly conveys a right of way in fee simple over the lands described for a permanent railroad that may be constructed by the grantee, its successors and assigns, there is no ambiguity in the language conveying the railroad right of way permitting interpretation by the courts, and where the railroad is thus built within the three-year limit, the grantee is not liable in damages to the grantor for its continued use of the railroad.

2. **Deeds and Conveyances F a—Where there is no negligence in exercise of right to cut timber, grantee is not liable for damage from falling trees.**

   A deed to standing timber upon lands with the right of ingress, egress, etc., for the purpose of cutting and removing the timber conveyed, such right is to be exercised in the ordinary way and by the ordinary methods incident to its reasonable enjoyment does not subject the grantee to the payment of damages caused to the land from stopping ditches and trees falling upon pasture fences when it has not been careless or negligent in the exercise of this right.

APPEALS by both plaintiff and defendant from *Nunn, J.,* at August Term, 1930, of BLADEN. No error in plaintiff's appeal; new trial in defendant's appeal.

Plaintiff is the owner of a tract of land, containing 600 acres, more or less, situate in Bladen County, North Carolina.

On 19 September, 1924, plaintiff, for and in consideration of the sum of $1,000, sold, and by deed executed by himself and his wife, conveyed to the defendant, all the pine, oak, cypress, ash, poplar and gum timber on said land, above the size of ten inches in diameter on the stump, when cut, with certain exceptions set out in said deed, "together with the right and privilege for and during the period of three years from 24 February, 1926, through themselves, their successors, agents and servants, to enter upon said land or any other lands owned by them and to pass and repass over the same, at will, on foot or with teams and conveyances, to cut and remove said timber, and construct and operate any roads, tramways or railroads, houses and tenements, and remove same at will, over and upon said lands as the party of the second part, its successors and assigns may deem necessary for cutting and removing said timber, and to use such trees, underwood, dead and down timber, and dirt on said land as may be needed in the construction and repair of said roads, tramways and railroads, to run and operate its locomotives and to use and operate any railroad that the grantee herein, or their successors or assigns may construct, and to have right of way in fee simple over said land above described, or any other land owned by them, for a permanent railroad that may be constructed by said grantee, its successors or assigns, the said right of way to be located by said party of the second part, its successors and assigns.

"To have and to hold the said timber, as above described, together with the privileges and rights of way herein granted, to party of the second part, its successors and assigns, during the period of time above named."

During the latter part of January, 1928, the defendant entered upon said land, and cut and removed therefrom the timber conveyed to it by plaintiff. Defendant completed the cutting and removal of said timber within about six months from the date on which it began to cut the said timber.

For the purpose of removing said timber when cut, defendant located on said land a right of way on which it constructed a tramway or railroad. It has maintained said tramway or railroad since 24 February, 1929, and continues to operate the same, notwithstanding the three years during which defendant had the right and privilege, under said deed, to enter upon said land, and to cut and remove therefrom the said timber, expired on 24 February, 1929.

Plaintiff alleged in his complaint that while engaged in cutting and removing said timber, defendant wrongfully and unlawfully caused trees and timber standing and growing near certain pasture fences on said

land, when cut, to fall upon said fences, thus breaking down and injuring the same, thereby causing plaintiff damage.

Plaintiff further alleged in his complaint that while engaged in cutting and removing said timber, defendant wrongfully and unlawfully caused trees and tree-tops, when cut to fall into and fill up the ditches and drains on said land, thus damming the water in said ditches and drains and injuring said land, thereby causing plaintiff damage.

Plaintiff further alleged in his complaint that while cutting and removing said timber, defendant wrongfully and unlawfully removed lightwood from said land, thereby causing plaintiff damage.

Plaintiff further alleged in his complaint that by the maintenance and operation of the tramway or railroad constructed by the defendant on the right of way located by it on his land, since 24 February, 1929, defendant has wrongfully and unlawfully trespassed on said land, thereby causing plaintiff damage.

Each and all of the allegations of the complaint on which plaintiff demanded judgment that he recover of the defendant in this action, are denied by the defendant in its answer.

The issues arising on the pleadings were answered by the jury as follows:

"1. Was plaintiff's land wrongfully injured by defendant in destroying fences as alleged in the complaint? Answer: Yes.

2. If so, what damage, if any, is plaintiff entitled to recover therefor? Answer: $100.

3. Was plaintiff's land wrongfully injured by defendant in filling ditches and drains, as alleged in the complaint? Answer: Yes.

4. If so, what damage, if any, is plaintiff entitled to recover therefor? Answer: $500.

5. Was plaintiff's land wrongfully injured by defendant in removing lightwood, as alleged in the complaint? Answer: Yes.

6. If so, what damage, if any, is plaintiff entitled to recover therefor? Answer: $50.

7. Has defendant trespassed upon the land in question since 24 February, 1929, by maintaining its tramroad thereon, and operating trains thereover? Answer: No.

8. If so, what damage, if any, is plaintiff entitled to recover therefor? Answer: Nothing."

From judgment on the verdict that plaintiff recover of the defendant the sum of $650, and the costs of the action, both plaintiff and defendant appealed to the Supreme Court.

*Britt & Britt and Dye & Clark for plaintiff.*
*Varser, Lawrence & McIntyre for defendant.*

CONNOR, J. The court was of opinion that as a matter of law the plaintiff, upon all the evidence submitted to the jury at the trial of this action, was not entitled to an affirmative answer to the seventh issue, and, therefore, instructed the jury that if they believed all the evidence pertinent to said issue and found the facts to be as testified by all the witnesses, they would answer the seventh issue, "No," and the eighth issue "Nothing." Plaintiff excepted to this instruction, and on his appeal to this Court assigns same as error. The question presented for decision by this assignment of error is whether the deed from the plaintiff to the defendant conveys to defendant a permanent right of way over and across plaintiff's land, to be located by defendant within the period of time during which defendant had the right to enter upon said land, and to cut and remove therefrom the timber conveyed by the deed. This question must be answered in the affirmative on the authority of *Grady v. Tile Co., ante,* 511, 154 S. E., 834, and *Hughes v. R. R.,* 119 N. C., 688, 23 S. E., 717. The language used by the plaintiff in his deed is so plain and his intention so clearly expressed, that there is no room for construction. *Hinton v. Vinson,* 180 N. C., 393, 108 S. E., 897. In *McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186, it is said: "Rules of construction are only aids in interpreting contracts that are either ambiguous or not clearly plain in meaning, either from the terms of the contract itself, or from the facts to which the rules are to be applied." Courts will not and ought not to undertake to construe the language of a deed, when the intention of the grantor is clearly and plainly expressed, as in the deed involved in the instant case. We find no error in plaintiff's appeal. The defendant has the right, by the terms of its deed, to maintain permanently on the right of way over and across plaintiff's land described therein the tramway or railroad which it constructed on said right of way, during the period in which it had the right to locate said right of way.

In his rulings on defendant's objections to evidence offered by plaintiff, and in his instructions to the jury relative to the issues other than the seventh and eighth issues, the trial judge failed, we think, to give effect to the right of defendant, under its deed from the plaintiff, to enter upon plaintiff's land and to cut and remove therefrom the timber conveyed by said deed. Defendant had the right to cut said timber and to remove the same from said land. Such cutting and removal, if done in the usual and ordinary manner and by the usual and ordinary methods, as was necessarily contemplated by the parties when the timber was conveyed by plaintiff to defendant, was not wrongful, although as incidents thereto plaintiff's fences were injured, and his ditches and drains dammed up by trees and tree-tops. These results are not unusual and defendant is not liable in damages to plaintiff if only the usual and

ordinary results followed from the exercise by defendant of its rights under its deed. Defendant is liable to plaintiff only if the jury shall find from the evidence that defendant exercised its rights to cut and remove said timber in a negligent manner, or by negligent methods, thus causing plaintiff injuries greater in extent than usually follow the cutting and removal of timber.

There was evidence tending to show that defendant was negligent both in the manner and in the methods which it employed in the exercise of its rights. The evidence was conflicting, at least, as to whether defendant wrongfully removed lightwood from plaintiff's land as alleged in the complaint. There was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit. For errors, however, both in the admission of evidence and in instructions to the jury, defendant is entitled to a new trial. It is so ordered.

New trial.