FIRST SECURITY TRUST COMPANY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF THE LATE JOSEPH DUCKWORTH ELLIOTT, v. MRS. HAZEL E. HENDERSON, MRS. KATE E. HESTER, MILES O. SHERRILL, FIRST SECURITY TRUST COMPANY, GUARDIAN FOR WALTER MOSES, MINOR; FIRST SECURITY TRUST COMPANY, GUARDIAN FOR JAMES VERNON SHERRILL, MINOR, AND JOSEPH ELLIOTT SHERRILL, JR., MINOR, JOSEPH E. ADNEY, ELIZABETH A. HOLE, MOODY A. BARGER; AND C. M. JANES AND IRENE M. JANES, ASSIGNEES OF MILES O. SHERRILL; L. K. HIGGENBOTHAM, ASSIGNEE OF MILES O. SHERRILL, AND FRED H. MELLOR, ASSIGNEE OF MILES O. SHERRILL.

(Filed 7 November, 1945.)

**1. Wills § 34—**

Where a will leaving property in the hands of an executor or trustee provides that, five years after the death of testator's wife, the entire estate should be equally divided between testator's four daughters, after the payment of a certain sum to one of the daughters, and that, if any one or more of testator's four daughters should die before the distribution provided for in the will, the legacy or bequest of such deceased daughter or daughters should be paid to their then living children, share and share alike, the intention of the testator is that the share of any one of his daughters, so dying before the date set for the final distribution, must be paid only to her children living at the date for distribution, and not to the issue of her children deceased before the date set for distribution by the will.

**2. Same—**

Where property is left by will to children or children living at the time fixed for payment or division, when there are persons that answer the description, grandchildren and great grandchildren will not be included in the distribution of such property.

APPEAL by defendants, Walter S. Moses, James Vernon Sherrill and Joseph Elliott Sherrill, Jr., from *Gwyn, J.,* at September Term, 1945, of CATAWBA.

The First Security Trust Company, Executor of the last will and testament of the late Joseph Duckworth Elliott, brings this action under the provisions of the Uniform Declaratory Judgment Act, for the purpose of obtaining a construction of the will of the late Joseph Duckworth Elliott.

The testator died on 4 May, 1930, leaving a last will and testament dated 30 December, 1920. Surviving the testator were his wife, Mary Elizabeth Elliott, and three daughters, Mrs. Hazel E. Henderson, Mrs. Kate E. Hester, Mrs. Pearl Elliott (Sherrill) Salassa and three grandchildren, Joseph E. Adney, Elizabeth O. Hall and Moody A. Barger, who are the children of a daughter, Mrs. Mamie Adney, who predeceased the testator. Mrs. Pearl Elliott Salassa died 15 May, 1935, survived by a daughter, Nancy S. Moses, a son, Miles O. Sherrill, and two grandchildren, Joseph Elliott, Jr., born 15 January, 1926, and James Vernon Sherrill, born 17 August, 1927, children of Joseph E. Sherrill, a son of Pearl Elliott Salassa, who predeceased his mother. Nancy S. Moses died 7 January, 1936, leaving a son, Walter S. Moses, born 2 April, 1932. Mary Elizabeth Elliott, widow of Joseph Duckworth Elliott, died 21 January, 1940.

The 5th paragraph of the will of Joseph Duckworth Elliott reads as follows: "Subject to the other provisions and limitations made in this instrument, it is my will and desire that, at the end of five years after the death of my said wife, Mary Elizabeth Elliott, my entire estate be equally divided between my four daughters, Mamie Hood Adney, Pearl Sherrill Salassa, Hazel Elliott Henderson and Kate Elliott Hester; Provided, however, that my executor before making such distribution, shall pay to my daughter, Mamie Hood Adney, a sum of money equal to, or property of, the value of the estate received by each of my other daughters, Pearl Sherrill Salassa, Hazel Elliott Henderson and Kate Elliott Hester, from their mother, Mary Elizabeth Elliott. It is my further will that, if any one or more of my four daughters mentioned in this paragraph should die before the distribution provided for herein, the legacy or bequest of such deceased daughter or daughters be paid to their then living children, share and share alike."

At the hearing below, all parties waived a trial by jury and agreed that his Honor might find the facts and pass upon the question of law presented as to whether, under Item Five of the will of Joseph Duckworth Elliott, Joseph E. Sherrill, Jr., and James Vernon Sherrill, minor children of Joseph E. Sherrill, deceased, and Walter S. Moses, minor child of Nancy S. Moses, deceased, as grandchildren of Pearl Elliott Salassa, deceased daughter of the testator, are entitled to share along with Miles O. Sherrill, the only living child of Pearl Elliott Salassa, on 21 January, 1945, in the one-fourth interest in the estate of Joseph

Duckworth Elliott, which the said Pearl Elliott Salassa would have taken had she been living on 21 January, 1945. These grandchildren of Pearl Elliott Salassa, being great grandchildren of the testator.

The court below held that since Miles O. Sherrill was the only living child of Pearl Elliott Salassa on 21 January, 1945, he is entitled to the entire one-fourth interest in the estate of Joseph Duckworth Elliott, which his mother would have taken had she been living at that time, to the exclusion of the children of his brother and sister, both of whom died before said date.

Judgment was entered accordingly, and the minor children of Joseph E. Sherrill and Nancy S. Moses excepted and appealed to the Supreme Court.

*No counsel for petitioners.*

*John W. Aiken for defendant, appellee, Miles O. Sherrill.*

*Eddy S. Merritt for L. K. Higgenbotham, defendant, appellee.*

*Bailey Patrick, Guardian ad litem for Walter S. Moses, Joseph Elliott Sherrill, Jr., and James Vernon Sherrill, in propria persona.*

DENNY, J.   The question presented for our determination is whether the testator intended that if any one of his daughters should die before the date set for the final distribution of his estate, her part should be paid to her children living at the time of her death or to her children living at the date of distribution.

The testator authorized his executor to keep his estate intact as nearly as possible, until the expiration of five years from and after the death of his wife. In the meantime the executor was given authority to sell, exchange, reinvest or dispose of any real estate, stock, bonds, or other securities owned by the testator, as in its judgment might be best for the estate. Under the provisions of the will, during the lifetime of his wife she was to receive the sum of $400.00 per month and the use of the family residence. The four daughters were to receive $100.00 each per month until the death of their mother, at which time or within 90 days thereafter they were to receive $10,000.00 each. Other substantial bequests were made in the will.

The executor was charged with the management and control of this estate from testator's death until the expiration of five years after the death of his wife. Upon the death of the testator, each of the four daughters named in the residuary clause of the will became vested with an interest in the estate, but the right of possession was contingent upon being alive at the time fixed by the testator for the division and distribution of the estate. One daughter, Pearl Elliott Salassa, died before the

time fixed for such division and distribution, leaving surviving her two children, Nancy S. Moses and Miles O. Sherrill, and two grandchildren, the defendants James Vernon Sherrill and Joseph Elliott Sherrill, Jr., children of her son Joseph Elliott Sherrill who predeceased her. Nancy S. Moses likewise died before the time fixed for the division and distribution of the estate, leaving one child, the defendant Walter S. Moses.

It makes no difference whether Nancy S. Moses took a vested or contingent interest in the estate her mother would have taken had she been alive at the time fixed for its division and distribution. *Thompson v. Humphrey,* 179 N. C., 44, 101 S. E., 738; *Bank v. Johnson,* 168 N. C., 304, 84 S. E., 355. She inherited no interest therein from her mother and under the terms of the will, the executor is directed to pay the legacy or bequest of such deceased daughter or daughters to their then living children share and share alike. *Cilley v. Geitner,* 182 N. C., 714, 110 S. E., 61; *Thompson v. Humphrey, supra; Whitesides v. Cooper,* 115 N. C., 570, 20 S. E., 295; *Anderson v. Felton,* 36 N. C., 55. Therefore, the children of a deceased daughter under the provisions contained in Item Five of the testator's will, must take, if they take at all, by purchase from the testator and not as heirs of the mother. *Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669; *Green v. Green,* 86 N. C., 546; *Hawkins v. Everett,* 58 N. C., 42. Even so, Nancy S. Moses and Joseph Elliott Sherrill, having died prior to the time fixed by the testator to call the roll and distribute the legacy or bequest, to the then living children of Pearl Elliott Salassa, no interest in the estate passed to them or to their heirs.

Hence, the appealing defendants have no interest in this estate unless they are beneficiaries under the will. And the will makes no provision for them. It ends with the children of their grandmother, Pearl Elliott Salassa, who may be living at the time for the division and distribution of the estate. Miles O. Sherrill, being the only child of Pearl Elliott Salassa then living, he takes the entire interest his mother would have taken had she been alive at the time fixed for the division and distribution of the estate. This view is in accord with the general rule that when property is left to children or children living at the time fixed for payment or division, when there are persons that answer the description, grandchildren and great grandchildren will not be included in the distribution of such property. *Taylor v. Taylor,* 174 N. C., 537, 94 S. E., 7; *Lee v. Baird,* 132 N. C., 755, 44 S. E., 605; *Mordecai v. Boylan,* 59 N. C., 365; *Ward v. Sutton,* 40 N. C., 421; *Denny v. Closse,* 39 N. C., 102.

The judgment of the court below is
Affirmed.