HANNAH VESTER STRICKLAND AND HUSBAND, BOBBY STRICKLAND; JOHN MILTON VESTER AND WIFE, MADELINE VESTER; AND FRANK LANE VESTER v. H. P. JACKSON AND WIFE, ANNIE S. JACKSON.

(Filed 20 March 1963.)

1. **Deeds § 11—**
   When the language of a deed is clear and unambiguous, the courts are limited to the words chosen by the parties in ascertaining their intent.

2. **Deeds § 13—**
   Where a deed, in its granting clause, habendum, and a paragraph imposing a lien states in effect that the land was conveyed to the named husband and wife with remainder to their children born of the marriage which should survive them, *held* the deed conveys only a life estate with contingent remainder over to those children living at the time of death of the surviving life tenant.

3. **Same—**
   The distinction between a vested and a contingent remainder is whether those who are to take upon termination of the preceding estate can be ascertained at the time of the effective date of the instrument, or whether they can be ascertained only upon the happening of a future event.

4. **Same—**
   Where a contingent remainderman dies prior to the death of the life tenant, the event specified, the issue of such contingent remainderman can take nothing under the instrument.

5. **Same—**
   Where a deed conveys only a life estate to the grantee with remainder to the children of the life tenant, the life tenant does not take an estate of inheritance and therefore the contention that the deed conveyed an estate tail, converted into a fee simple by the statute is inapposite.

**6. Estoppel § 4—**

A party may be estopped by a misrepresentation only if the other party has been led to change his position to his detriment on the strength of such misrepresentation.

**7. Wills § 63—**

Where it does not appear that testator, in disposing of his lands by will, intended to include in such disposition lands in which he owned a mere life estate, the devise cannot be put to an election.

**8. Executors and Administrators § 34—**

A personal representative may not be sued in his individual capacity to recover alleged excessive fees and compensation, the sole remedy in such instance being by motion to vacate the order of the clerk fixing the fee and for an order fixing a reasonable allowance. G.S. 28-170.

**9. Executors and Administrators § 36—**

A personal representative may not be sued in his individual capacity for failure to account for monies received by him or for alleged failure to perform his duties in other respects, the sole remedy being against the personal representative in his representative capacity and the surety on his bond.

APPEAL by plaintiffs from *Mintz, J.,* September 1962 Term of PITT.

The following is a summary of the facts stated in the complaint: Plaintiffs Hannah, John, and Frank are the children and heirs at law of Thelma Jackson Vester, a daughter of M. H. Jackson and wife, Maggie Jackson. She was born 23 August 1902 and died 26 June 1957. She had two brothers born prior to 11 September 1905 and two brothers born subsequent to that date. On 11 September 1905 Joel Tyson and wife, Louisa, uncle and aunt of Maggie Jackson, executed and delivered a deed for land in Pitt County. This deed by reference with copy attached is made a part of the complaint. The deed conveys, subject to life estates reserved to grantors, "unto the said M. H. Jackson and wife, Louisa (sic) Jackson, for and during the term of their natural lives and after their death to the children of the said M. H. Jackson and Maggie Jackson that shall be born to their intermarriage as shall survive them to them and their heirs and assigns in fee simple forever. . ." M. H. Jackson, a resident of Nash County, died testate 10 September 1958. His will, probated in Nash County, gives a life estate in his properties to his widow and subject thereto gives "all of my real estate located in the counties of Pitt and Washington, North Carolina. . ." to be equally divided between his children after taking account of advancements. Defendant qualified as executor of the will. He has filed his final account. He did not distribute the estate as directed in the bill, but has charged and been allowed excessive commissions and fees. Defendant has taken advantage of his

brothers and induced them to sell their share of the lands conveyed by Joel Tyson and wife to M. H. Jackson and others for less than the fair value of said shares.

The prayer of the complaint is that plaintiffs be declared tenants in common with defendant in the lands described in the Tyson deed, that in determining plaintiffs' share defendant be required to account for the advancements made him by M. H. Jackson and for the sums not properly accounted for in the settlement of the M. H. Jackson estate.

Defendant demurred to the complaint for (a) misjoinder of causes of action, (b) failure to state a cause of action, and (c) want of jurisdiction in the Superior Court of Pitt County to challenge the accounting made by defendant as executor of the will of M. H. Jackson and the effect of such accounting on the rights of the parties to lands in Washington and Nash Counties.

The court sustained the demurrer but allowed plaintiffs thirty days in which to amend. Plaintiffs appealed.

*Sam B. Underwood, Jr., for plaintiff appellants.*
*James & Hite by Kenneth G. Hite for defendant appellees.*

RODMAN, J. The first question for decision is: What estate did the grantees named in the Tyson deed of 1905 take? Plaintiffs assert the children of M. H. Jackson and wife, Maggie, took vested remainders and upon the death of their mother, her one-fifth descended to her children, the plaintiffs. Defendants contend the estate which the children of M. H. Jackson and wife, Maggie, took was a contingent remainder vesting only in those who survived their parents.

When the rights of parties are determined by a written instrument, courts seek to determine the intent of the parties by the language they use. Where the language selected is clear and unambiguous, courts are limited to the words chosen to ascertain intent. To do otherwise would create rights and liabilities contrary to the agreement of the parties. *Parks v. Oil Co.,* 255 N.C. 498, 121 S.E. 2d 850; *Muncie v. Ins. Co.,* 253 N.C. 74, 116 S.E. 2d 474; *McCotter v. Barnes,* 247 N.C. 480, 101 S.E. 2d 330; *Lewis v. Lumber Co.,* 199 N.C. 718, 155 S.E. 726; *Hinton v. Vinson,* 180 N.C. 393, 104 S.E. 897.

The estates or rights which grantees take are stated in three parts of the deed: first in the granting clause, next, in the habendum, and finally, in a paragraph imposing a lien for $700 in favor of a third party. In all three of these provisions the estate given M. H. Jackson and wife is for the term of their natural lives. These words require no interpretation.

The words used with respect to those who take in remainder vary slightly in each of the three parts of the deed. In the granting clause the remainder is given "to the children of the said M. H. Jackson and Maggie Jackson that shall be born to their inter-marriage as shall survive them. . ." In the habendum the language is "to such children as shall be born of the inter-marriage of the said M. H. Jackson and wife, Maggie Jackson, and which shall survive the said M. H. Jackson and wife, Maggie Jackson." The language in the final provision is "to such children as shall be born of the inter-marriage of said M. H. Jackson and wife, Maggie Jackson and who shall survive the said M. H. Jackson and Maggie Jackson." It is, we think, manifest that there is no conflict in the three quoted provisions. All mean those and only those who survive their parents would take an interest in the property.

The distinction between a vested and a contingent remainder is the capacity to take upon the termination of the preceding estate. Where those who are to take in remainder cannot be determined until the happening of a stated event, the remainder is contingent. Only those who can answer the roll immediately upon the happening of the event acquire any estate in the properties granted. *Wimberly v. Parrish,* 253 N.C. 536, 117 S.E. 2d 472; *Parker v. Parker,* 252 N.C. 399, 113 S.E. 2d 899; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578; *Pinnell v. Dowtin,* 224 N.C. 493, 31 S.E. 2d 467; *Power Co. v. Haywood,* 186 N.C. 313, 119 S.E. 500; *Richardson v. Richardson,* 152 N.C. 705, 68 S.E. 217.

Here the estate in remainder was not given to the children of M. H. Jackson and Maggie Jackson, but by clear and express language to those children and only those who survived their parents. Since Mrs. Vester did not survive her parents, there was nothing for her children, plaintiffs, to inherit. *Trust Co. v. Henderson,* 225 N.C. 567, 35 S.E. 2d 694; *Rigsbee v. Rigsbee,* 215 N.C. 757, 3 S.E. 2d 331; *Jessup v. Nixon,* 193 N.C. 640, 137 S.E. 810; *Fulton v. Waddell,* 191 N.C. 688, 132 S.E. 669; *Mercer v. Downs,* 191 N.C. 203, 131 S.E. 575; *Whitesides v. Cooper,* 115 N.C. 570.

It affirmatively appears from the complaint that plaintiffs acquired no interest in the land by virtue of the deed from Tyson and wife to M. H. Jackson and others.

Plaintiffs contend if they are mistaken with respect to the estate which their mother took that the deed from Tyson to Jackson and wife conveyed an estate tail converted by statute into an estate in fee simple and they take a one-fifth interest by inheritance from their grandfather and grandmother. The deed does not purport to convey an

estate of inheritance to Jackson and his wife. The estate of inheritance is given to the remaindermen. An estate tail is defined in 19 Am. Jur. 507 as "an estate of inheritance which is to pass by lineal descent. The regular and general succession of heirs at law is cut off. It has been held that inasmuch as an estate tail is an estate of inheritance which descends to particular heirs, it is distinguishable from a life estate with remainder." This distinction is noted in *Millsaps v. Estes,* 134 N.C. 486; *Story v. First Nat. Bank & Trust Co.,* 156 So. 101; *Bodine's Administrator v. Arthur,* 34 Am. St. Rep. 162.

The allegations that defendant misrepresented to his brothers their share or interest in the lands conveyed by the Tysons, leading them to believe that their respective shares were one-fifth rather than a fourth, creates no right of action in the plaintiffs. Only those who were led to part with their title by reason of false and fraudulent representation would be aggrieved parties having a right of action.

It does not appear from the will of M. H. Jackson that he attempted to deal with the lands described in the Tyson deed. True he does direct in section 7 of his will a division among his children of his real estate "located in the counties of Pitt and Washington, North Carolina." We find nothing in the will of defendant's father nor in the complaint which required defendant to elect whether he would assert his rights to the properties conveyed by the Tyson will or abandon that right and take the properties devised to him by his father. *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Lovett v. Stone,* 239 N.C. 206, 79 S.E. 2d 479.

The clerk of the Superior Court where the personal representative qualifies has authority to fix the amount of fees to which an executor or administrator is entitled. G.S. 28-170. The present action is not against defendant in his representative capacity but as an individual. If he has been allowed more compensation than is reasonable and proper, plaintiffs' remedy is to move to vacate the order fixing the fees and for an order fixing a reasonable allowance. If defendant has failed to account for monies received by him or has otherwise neglected to perform his duties, plaintiffs have their remedy by an action against defendant and the surety on his bond.

The court was correct in sustaining the demurrer. The judgment is
Affirmed.